## No. 11,865.

### CLAXTON v. THE PEOPLE.

Decided May 31, 1927.    Rehearing denied July 5, 1927.

Plaintiff in error was convicted of having in his possession, and selling, intoxicating liquor.

### Affirmed.

### On Application for Supersedeas.

1. CRIMINAL LAW—*Entrapment.* A person, being a free, responsible agent who illegally procures and sells intoxicating liquor, cannot excuse his acts on the ground that they were instigated by others for the purpose of entrapping him.

*Error to the District Court of Jefferson County, Hon. Samuel W. Johnson, Judge.*

Mr. A. R. MORRISON, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. WILLIAM W. GAUNT, Assistant, for the people.

*Department One.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE defendant, plaintiff in error here, was convicted on an information of two counts charging him with a second violation of the intoxicating liquor law, for (1) having and keeping in possession; (2) unlawfully selling intoxicating liquor to one Goddard, who was a federal prohibition officer. The defendant was sentenced to not less than one and not more than three years in the peni-. tentiary, and the case is now before us on application for writ of supersedeas.

There is no question raised as to the sufficiency of the first conviction, nor is the unlawful possession or the sale and delivery of the whiskey to Goddard and Brink denied. The sole defense is the contention that the federal prohibition officer Brink entrapped the defendant. The defendant testified as follows:

"Q. Go ahead and tell the conversation. A. Well, Brink says—or he was out there at my place and he wanted to know if I had anything to drink; I told him that I did not, and he wanted to know if I could get anything, and I told him I didn't know, and he wanted me to get something and have it around, that he would drop in again sometime; and so I went then to the curb and got it."

The defendant said he got a gallon, or eight pints. This was the substance of the conversation with Brink.

We think this is insufficient to constitute a defense under our prohibition laws. We discover no such entrapment from the evidence in the record as to prevent

the defendant's acts from being criminal. It seems that the defendant, while acting alone, without the intervention, coercion, assistance or knowledge of any one, so far as the record discloses, procured the whiskey of some one somewhere, and secreted it, and kept it in his possession until he finally sold it to the prosecuting witnesses. Here every element of the crime is present and attaches exclusively to the defendant, and not a single element of either offense is imputable to Brink. A person, being a free, responsible agent, who has actually procured whiskey, and in this case the possession and sale are admitted, cannot excuse his acts on the ground that they were instigated by others for the purpose of entrapping him. This is "but the repetition of the plea as ancient as the world, and first interposed in Paradise: 'The serpent beguiled me and I did eat.' That defense was overruled by the great Lawgiver * * * and has never since availed to shield crime or give indemnity to the culprit." *Commissioners v. Backus,* 29 How. Pr. 33.

Here we are asked to protect the defendant, not because he is innocent, but because a zealous public officer, as is claimed, exceeded his powers in requesting the defendant to furnish him a drink of whiskey and to have some around when "he should drop in again sometime." This does not constitute a legal excuse for the possession and sale of intoxicating liquors. All who seek to profit from the possession of and the unlawful traffic in intoxicating liquors must bear the legal consequences of their own wrongful acts.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE DENISON and MR. JUSTICE SHEAFOR concur.